UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Operating Engineers Local #49
Health and Welfare Fund and
Central Pension Fund of the
International Union of Operating
Engineers and Participating Employers
et al.,

   Plaintiffs,         MEMORANDUM OPINION
                  AND ORDER
v.                   Civil No. 10-624

Arrowhead Industrial Service, Inc.
 and Dale Cich, individually,

   Defendants.
_____

   Carl S. Wosmek and Amy L. Court, McGrann Shea Carnival Straughn & Lamb, Chartered, Counsel for Plaintiffs.

   R. Thomas Toergerson, Hanft Fride, A Professional Association, Counsel for Defendant Dale Cich.
_____

   This matter is before the Court on cross motions for summary judgment by

Plaintiffs and Defendant Dale Cich.

**Factual Background**

   Plaintiffs are the trustees and fiduciaries of the Operating Engineers Local

1

#49 Health and Welfare Fund (the "Fund"), the Central Pension Fund of the International Union of Operating Engineers and Participating Employers (the "Pension Fund") and the Local #49 International Union of Operating Engineers and Associated General Contractors of Minnesota Apprenticeship and Training Program (the "Apprenticeship Fund").  These benefit funds are multi-employer jointly-trusteed, fringe benefit plans created and maintained pursuant to ERISA.

Defendant Arrowhead Industrial Service, Inc. ("Arrowhead") is a Minnesota corporation doing construction work.  It is owned and operated by Defendant Dale Cich ("Cich").  On July 22, 2003, Arrowhead, through Cich, signed a Operating Engineers Local #49 Health and Welfare Fund Participating Agreement ("Participating Agreement") by which Arrowhead agreed to abide by the terms of the collective bargaining agreement ("CBA") between the Associated General Contractors of Minnesota, Inc., Minneapolis and St. Paul Builders Division and Highway and Heavy Division and the International Union of Operating Engineers Local # 49.  The Participating Agreement further provided:

> If this Agreement is signed for and in behalf of a corporation, the officer or officers signing for such corporation by the execution of this Agreement not only binds the corporation but individually binds himself to the full and faithful performance of the Agreement stated herein.

As provided in the CBA, Arrowhead agreed to make certain benefit contributions to the three funds listed above on behalf of the covered employees.

With respect to the instant action, Plaintiffs conducted an audit of Arrowhead's records for the period June 2009 through January 2010. By this audit, Plaintiffs determined there were $44,232.63 in unpaid contributions. Of the amount claimed owing, the Fund claimed $21,753.75 for past due contributions and $3,263.06 in liquidated damages.

Plaintiffs commenced this action to recover these unpaid contributions. The Pension Fund and the Apprenticeship Fund asserted claims against Arrowhead, while the Fund asserted claims against Arrowhead and against Cich in his individual capacity. The Fund claims that Cich is personally liable for the funds owed it by Arrowhead based on the language in the last clause of the Participating Agreement - quoted above. Cich argues that he is not personally liable for the unpaid contributions due the Fund.

Judgment was entered in favor of the Plaintiffs and against Arrowhead on July 23, 2010 in the amount of $52,358.93. [Doc. No. 24] The only issue remaining is whether Cich is individually liable to the Fund for past contributions and liquidated damages.

**Standard for Summary Judgment**

Summary judgment is appropriate if, viewing all facts in the light most favorable to the non-moving party, there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56 (c); Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). The party seeking summary judgment bears the burden of showing that there is no disputed issue of material fact. Celotex, 477 U.S. at 323. This burden can be met "by 'showing' - that is, pointing out to the district court - that there is an absence of evidence to support the nonmoving party's case." Id. at 325. The party opposing summary judgment may not rest upon mere allegations or denials, but must set forth specific facts showing that there is a genuine issue for trial. Krenik v. County of Le Sueur, 47 F.3d 953, 957 (8th Cir.1995).

**Analysis**

Generally, corporate officers are not personally liable under ERISA where there is no basis for piercing the corporate veil. Rockney v. Blohorn, 877 F.2d 637, 643 (8th Cir. 1989). Such officers may be personally liable, however, if the officer contractually agrees to be so liable. Id. To determine whether such contractual liability has been imposed, this Court must look to state law. Id.

Pursuant to Minnesota law, a corporate officer is generally not liable for the corporation's debts. Haas v. Harris, 347 N.W.2d 838, 840 (Minn. Ct. App. 1984)(relying on agency principles). However, a corporate officer may personally guarantee the obligations of a corporation. Universal Lending Corporation v. Wirth Companies, Inc., 392 N.W.2d 322, 325 (Minn. Ct. App. 1986).

> [A] guaranty is construed the same as any other contract, the intent of the parties being derived from the commonly accepted meaning of the words and clauses used, taken as a whole. The guaranty is not to be unduly restricted by technical interpretation nor enlarged beyond the fair and natural import of its terms. However, once the intent of the parties has been ascertained, the guarantor has the right to insist upon strict compliance with the terms of his obligation.

Am. Tobacco Co. v. Chalfen, 108 N.W.2d 702, 704 (Minn. 1961).

Contract language is to be given its plain and ordinary meaning, unless the contract language is ambiguous. Business Bank v. Hanson, 769 N.W.2d 285, 288 (Minn. 2009). A contract is ambiguous when it "is susceptible to more than one meaning." Republic Nat'l Life Ins. Co. v. Lorraine Realty Corp., 279 N.W.2d 349, 354 (Minn. 1979). However, the Court must give unambiguous contract language its plain and ordinary meaning, even where the result is harsh. Minneapolis Pub. Hous. Auth. v. Lor, 591 N.W.2d 700, 704 (Minn. 1999). The parties' outward manifestation of intent is determinative. Speckel ex rel. Speckel v. Perkins, 364

N.W.2d 890, 893 (Minn. Ct. App. 1985).

Plaintiffs argue that the language of the Participating Agreement as to personal liability is clear and unambiguous, and it is not materially different than language enforced by other courts in this District. See, e.g., The Trustees of the Minnesota State Basic Bldg Trades Benefits Fund v. Gibsons Construction Enterprises, Inc., No. 01-2170 (ADM/AJB), 2003 WL 21058163 (D. Minn. May 6, 2003) (finding the defendant personally liable for unpaid contributions based on the following "This Agreement is binding personally and individually upon each of the following: the union, the undersigned Employer, and each of the individual owners, partners and stockholders of the Employer."); Malcolm v. Harden & Harden, Inc., No. 03-5211 (JRT/FLN), 2004 WL 2203407 (D. Minn. Sept. 23, 2004) (finding personal liability based on the following contractual language "[i]f this Agreement is signed for and on behalf of a corporation, then the person signing this agreement not only binds the corporation but also binds himself individually to the full and faithful performance of all of the terms and provisions of this Agreement."); Malcolm v. Guerra, Civil No. 06-2338 (DSD/SRN), 2007 WL 4465206 (D. Minn. Dec. 18, 2007) (same as Gibsons).

Cich, however, points out that one decision from this District has ruled to

the contrary, finding that the contract language as to personal liability, standing alone, was insufficient to hold the corporate president individually liable. <u>Operating Engineers Local # 49 Health and Welfare Fund v. Listful Erection Corp.</u>, 220 F. Supp.2d 1042, 1044 (D. Minn. 2002) (Magnuson, J.). The court in <u>Listful</u> further held that had the Fund wished to make the defendant personally liable "it should have expressed such an intention unequivocally by making [defendant], individually, a signator to the Participation Agreement." <u>Id.</u>

There is no requirement under Minnesota law of a separate signature line to hold someone personally liable. See <u>B. J. Johnson Partners, LLC v. Loss Paint & Wallpaper, Inc.</u>, No. A08–764, 2009 WL 911012, at *5 (Minn. Ct. App. Apr. 7, 2009). In addition, Plaintiffs assert, and Cich does not dispute that he is the sole owner of Arrowhead, and thus had a personal interest in the performance of the principal contract. Accordingly, Cich is not a gratuitous guarantor that is entitled to the benefit of a strict construction in his favor. <u>Martin v. Fee</u>, 226 N.W. 203, 205 (Minn. 1929).

Cich further argues that the Participating Agreement does not, by its terms, hold him personally liable for the fund owed. Rather, the Participating Agreement defined "Agreement" in the first clause as the 1967 Agreement and

Declaration of Trust ("1967 Agreement"). The clause relied upon by the Fund, therefore, refers to the 1967 Agreement, not the Participating Agreement itself. As Cich did not execute the 1967 Agreement, he is not personally liable for the unpaid contributions due the Fund. The Court disagrees.

While it is true that "Agreement" is defined in the first clause as the 1967 Agreement, the only reasonable interpretation of the Participating Agreement as a whole is that it contemplated a difference between the 1967 Agreement and the Participating Agreement despite the fact that both were referred to as "Agreement." Clearly, the purpose of the Participating Agreement is to bind employers to a CBA to which they are not already signatories. If the Participating Agreement were interpreted as providing that Cich would only be personally liable if he had signed the 1967 Agreement, the Participating Agreement is rendered moot. Under Minnesota law, the Court must reject a contract interpretation that renders contract language meaningless. <u>Chergosky v. Crosstown Bell, Inc.</u>, 463 N.W.2d 522, 526 (Minn. 1990).

Based on the above, the Court finds that Plaintiffs are entitled to summary judgment as the Participating Agreement unambiguously imposed personal liability upon Dale Cich upon his execution of the Participation Agreement.

IT IS HEREBY ORDERED that Plaintiffs' Motion for Summary Judgment [Doc. No. 31] is GRANTED. Defendant Dale Cich's Motion for Summary Judgment [Doc. No. 26] is DENIED.

Judgment in the amount of $25,016.81 is entered against Defendant Dale Cich for delinquent contributions and liquidated damages for the audit period of June 2009 through January 2010. Plaintiffs are awarded interest and reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g)(2). Plaintiffs shall submit an itemized motion seeking fees and costs within thirty days of the entry of judgment, together with a calculation of interest.

LET JUDGMENT BE ENTERED ACCORDINGLY

Date: April 15, 2011

s/ Michael J. Davis
Michael J. Davis
Chief Judge
United States District Court